UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORTHFIELD INSURANCE
COMPANY,

    Plaintiff,

v.                                      Case No: 8:22-cv-874-TPB-CPT

OPINIONS LLC d/b/a OPINIONS
LOUNGE and ISABELLA URQUIZA,

    Defendants.
_____/

## ORDER GRANTING "NORTHFIELD INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT"

This matter is before the Court on Plaintiff "Northfield Insurance Company's Motion for Summary Judgment," filed by counsel on July 11, 2022. (Docs. 22; 23). On September 19, 2022, Defendant Isabella Urquiza filed a response in opposition. (Doc. 33). On October 3, 2022, Plaintiff filed a reply. (Doc. 34). After reviewing the motion, response, reply, court file, and the record, the Court finds as follows:

### Background

In this declaratory judgment action, Plaintiff Northfield Insurance Company requests a declaration that it has no obligation to defend or indemnify Defendant Opinions LLC d/b/a Opinions Lounge ("Opinions") in an underlying lawsuit filed against Opinions by Defendant Isabella Urquiza. In the state court suit, Urquiza alleges that she was at Opinions Lounge as an invitee when an employee got into an altercation with another patron "and decided to use deadly force against said patron

by firing a gun multiple times at the patron." One of the bullets missed the intended target and instead hit Urquiza. Urquiza sued Opinions for negligent hiring and negligent retention of this employee.

Opinions is insured by Northfield. The insurance policy provides for general bodily injury and property damage but contains an endorsement that specifically excludes coverage for "'bodily injury' or 'property damage' arising out of any act of 'assault' or 'battery' committed by any person, including any act or omission in connection with the prevention or suppression of such 'assault' or 'battery.'" The policy provides definitions for "assault" and "battery."

## **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is only defeated by the existence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable

inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

"Summary judgment is appropriate in declaratory judgment actions seeking a declaration of coverage when the insurer's duty, if any, rests solely on the applicability of the insurance policy, the construction and effect of which is a matter of law." *Joynt v. Star Ins. Co.*, 314 F. Supp. 3d 1233, 1237 (M.D. Fla. 2018) (citing *Ernie Haire Ford, Inc. v. Universal Underwriters Ins. Co.*, 541 F. Supp. 2d 1295, 1297 (M.D. Fla. 2008)).

## Analysis

Plaintiff argues that it is entitled to declarations that it has no duty to defend or indemnify Opinions in the underlying action. Although Urquiza has appeared in this action and filed an answer, Opinions has not appeared and a clerk's default has been entered against it.

A liability insurer owes its insured two distinct duties: a duty to defend the insured against the claim, and a duty to indemnify the insured against liability. *See, e.g., Lime Tree Vill. Cmty. Club Ass'n v. State Farm Gen. Ins. Co.*, 980 F.2d 1402, 1405 (11th Cir. 1993). The insurer's duty to defend is "distinct from and broader than the duty to indemnify" and is determined by examining the allegations in the complaint filed against the insured. *Id.*; *Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5, 9-10 (Fla. 2004). The insurer must defend when the complaint alleges facts which fairly and potentially bring the suit within policy coverage. *Lime Tree Vill.*, 980 F.2d at 1405. Moreover, if the allegations of the complaint

leave any doubt as to the duty to defend, the question must be resolved in favor of the insured.

This case involves a straightforward issue of contract interpretation. The policy excludes coverage for bodily injury or property damage arising out of assault or battery. Although the state court complaint sounds in negligence, there is no coverage and Northfield does not have a duty to defend because Urquiza's injuries arise out of a battery. *See, e.g.*, *First Mercury Ins. Co. v. Sudderth*, 620 F. App'x 826, 828-30 (11th Cir. 2015); *Burlington Ins. Co. v. Normandy Gen. Ptnrs.*, 560 F. App'x 844, 848 (11th Cir. 2014). Because Northfield has no duty to defend Opinions, it has no duty to indemnify Opinions. *See, e.g.*, *Trailer Bridge, Inc. v. Illinois Nat'l Ins. Co.*, 657 F.3d 1135, 1146 (11th Cir. 2011).

Although Urquiza asks the Court to rely on *Baraki, Inc. f/k/a Opa Green Café, Inc. v. Covington Specialty Ins. Co.*, No. 8:18-cv-2313-MSS-SPF, 2021 WL 7160714 (M.D. Fla. Dec. 7, 2021), to conclude that the policy is ambiguous, the instant case is distinguishable. Significantly, even if the policy language is ambiguous on the issue of whether use of reasonable force is covered or excluded, the complaint does not allege the use of reasonable force. Instead, the level of force alleged on the face of the complaint is inherently excessive and unreasonable. According to Urquiza, after a fight was quelled, the tortfeasor employee got into an altercation with another patron "and decided to use deadly force against said patron by firing a gun multiple times at the patron." (Doc. 1-1 at 14). The facts could not "fairly and potentially" fall within a reasonable force exception. *See Stephens v.*

*Mid-Continent Cas. Co.*, 749 F.3d 1318, 1323 (11th Cir. 2014) (citation omitted). As such, because the complaint on its face fails to allege a state of facts that bring the case within coverage, the insurer has no duty to defend.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED**:

1) Plaintiff "Northfield Insurance Company's Motion for Summary Judgment" (Doc. 22) is **GRANTED**.

2) The Clerk is directed to enter a declaratory judgment in favor of Plaintiff Northfield Insurance Company, and against Defendants Opinions LLC d/b/a Opinions Lounge and Isabella Urquiza, reflecting that Plaintiff owes no duty to furnish a defense or to indemnify Opinions under Policy No. WS455875 in *Isabella Urquiza v. Opinions LLC*, Case. No. 2021-CA-682 (Fla. 5th Cir. Ct.).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 13th day of December, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**